IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JENNIFER COLEMAN,<br><br>        Plaintiff,<br><br>     v.<br><br>SYED HUSSAIN,<br><br>        Defendant. | No. 19-cv-07413<br><br>Judge John F. Kness |

**MEMORANDUM OPINION AND ORDER**

In 2013, the Circuit Court of Kane County found Plaintiff Jennifer Coleman not guilty by reason of insanity on a criminal charge of aggravated battery. Plaintiff was committed to the custody of the State of Illinois for inpatient mental health treatment at Elgin Mental Health Center (EMHC). Elgin employed now-dismissed Defendant Mark Roberson and remaining Defendant Syed Hussain. Plaintiff alleges that she and Roberson engaged in a sexual and romantic relationship during the period of Plaintiff's confinement. Unable to find Roberson for service of process, Coleman voluntarily dismissed him from this case without prejudice. Coleman's remaining suit is against Defendant Hussain; Coleman brings two counts alleging sexual abuse of a disabled person, battery, and other violations under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the Constitution.

Hussain now moves to dismiss the complaint, contending that Plaintiff failed to state a claim that Hussain violated her constitutional rights. Hussain contends that Plaintiff failed to show that he was aware of the relationship between Plaintiff and Roberson, that Plaintiff's Fourth Amendment claims are barred by *Heck v.*

*Humphrey*, 512 U.S. 477 (1994), that Plaintiff engaged in improper group pleading, and that Plaintiff has failed to plead a basis for declaratory or injunctive relief. (Dkt. 11 at 2–5.) Because none of Plaintiff's claims should continue as to Hussain, at least as currently pleaded, the Court grants Hussain's motion to dismiss without prejudice.

## I. BACKGROUND

The Circuit Court of Kane County committed Plaintiff to EMHC after finding her not guilty of aggravated battery by reason of insanity (Dkt. 1 ¶ 6.) Plaintiff was to receive treatment at the clinical unit at William White Cottage in May 2013. (*Id.* ¶ 7.) Mark Roberson was a security therapy aid at White Cottage. (*Id.*) Hussain later became the psychiatrist for Plaintiff's clinical unit. (*Id.*)

Plaintiff alleges that, in October 2018, she began a romantic relationship with Roberson, and that the relationship was well known by several staff members. (*Id.* ¶¶ 7, 10–11). Plaintiff also alleges that Hussain, while serving as the clinical unit's psychiatrist, led plaintiff to believe that "her only hope of release lay in agreeing with and fully believing everything the staff said and thought about her, whether they specified formal psychiatric diagnoses in writing or prescribed drugs which might seem to have different benefits and risks than she was told to expect, whether they documented her behavior accurately or inaccurately, or even when they merely voiced informal and casual opinions about her personality." (*Id.* ¶ 9). Plaintiff characterizes Hussain's instructions to follow staff orders as being "relentlessly schooled" to "obey and defer to staff judgment in all matters concerning herself, including her own emotions and her own mind." (*Id.* ¶ 15.)

2

EMHC discharged Plaintiff on January 10, 2019, but her relationship with Roberson continued beyond her release. (*Id.* at ¶¶ 16–17.) Plaintiff ended the relationship with Roberson about a month later, in February 2019, and, as of the date this case was filed, the two have not seen each other in person again. (*Id.* ¶ 18.) In July 2019, Roberson called Plaintiff to alert her to an ongoing investigation into his sexual impropriety and asked her to lie to police about their relationship. (*Id.* ¶ 19–20.)

Plaintiff filed this suit in November 2019. (Dkt. 1.) Unable to provide service to Roberson, Plaintiff voluntarily moved to dismiss him without prejudice under Rule 41 of the Federal Rules of Civil Procedure. (Dkt. 29.) The Court granted that motion. (Dkt. 30.)

## II. LEGAL STANDARD

A complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal punctuation omitted). As the Seventh Circuit has explained, this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

A Rule 12(b)(6) motion "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Ord. of Police of*

3

*Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). It is well-settled that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Those allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although legal conclusions are not entitled to the assumption of truth, the Court must accept as true the complaint's factual allegations and draw reasonable inferences in the plaintiff's favor. *See Iqbal*, 556 U.S. at 678–79.

### III. DISCUSSION

Plaintiff voluntarily dismissed Roberson from this suit, so to survive dismissal, she must have a plausible claim against the sole remaining Defendant, Syed Hussain. For a plaintiff "[t]o recover damages under § 1983, [they] must establish that a defendant was personally responsible for the deprivation of a constitutional right." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Section 1983 "does not allow actions against individuals merely for their supervisory role of others." *Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003) (quoting *Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000)); *see also Gentry*, 65 F.3d at 561 (An official "cannot be personally liable under a theory of *respondeat superior*."). Although direct participation is not necessary, "there must at least be a showing that the [defendant] acquiesced in some demonstrable way in the alleged constitutional violation." *Palmer*, 327 F.3d at 594. Indeed, "[t]here must be a causal connection or affirmative link between the action complained about and the official sued." *Arnett v. Webster*, 658 F.3d 742, 759 (7th Cir. 2011).

4

Plaintiff's failure to allege that Hussain had actual knowledge about or otherwise condoned her alleged relationship with Roberson is fatal to avoiding dismissal. Plaintiff's specific allegations against Hussain are neatly summarized: Hussain "carefully groom[ed] and school[ed] the Plaintiff with the idea that mental health professionals are always right and to be believed," that he "called [Plaintiff] a liar or troublemaker . . . on several occasions," and that "if Plaintiff wanted to be conditionally released, she should restrain herself from complaining about staff." (Dkt. 1 ¶ 24.) Plaintiff is particularly aggrieved that Hussain pushed "[f]ull faith in and agreement with staff, as the trained mental health professionals in charge of her treatment, and full submission to their slightest direction." (*Id.* ¶ 9.) But nowhere in the Complaint does Plaintiff allege that Hussain knew of or otherwise should have known about the sexual relationship, much less that he abetted that relationship or otherwise allowed it to continue.

Plaintiff's arguments against dismissal are unavailing. (*See* Dkt. 17.) Plaintiff admits that Hussain "might not have personally seen Roberson kiss and grope the Plaintiff . . . or overheard [] Roberson promise the Plaintiff an engagement ring." (*Id.* at 1 (citing Dkt. 1 ¶¶ 12, 16.) But Plaintiff maintains that responsibility accrues to Hussain because he told her to believe staff and listen to staff instructions. (*Id.* at 2.) In Plaintiff's Response to the Motion to Dismiss, Plaintiff acknowledges that Hussain likely had no knowledge of the illicit relationship. (Dkt. 17 at 9–10.) Plaintiff contends, however, that Hussain "fail[ed] or neglect[ed] to both detect and report sexual abuse of a disabled person." (*Id.* at 9.)

5

Plaintiff's assertion that Hussain should have known about the alleged abuse is insufficient to confer liability under Section 1983. *See Davis v. Peters*, 566 F. Supp. 2d 790, 810 (N.D. Ill. 2008) (government official cannot be liable for failing to perceive a significant risk unless he "deliberately avoided knowledge of it"); *Vetter v. Dozier*, 2010 WL 1333315, *16 (N.D. Ill. March 31, 2010) ("[W]hat an official 'should have known' [cannot] serve as a font of liability . . . . What matters is subjective awareness.")

At the motion to dismiss stage, the Court takes as true all Plaintiff's factual allegations. Plaintiff's allegations are serious, but there is no "affirmative link between the action complained about and the official sued." *Arnett*, 658 F.3d at 759. Without factual allegations alleging wrongdoing by Hussain, there is no plausible claim against the sole remaining Defendant. For that reason, the case cannot go forward as currently pleaded. Because the Seventh Circuit has repeatedly cautioned that a court should ordinarily permit at least one opportunity to replead in these circumstances, *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010), the Court will allow Plaintiff to replead an amended complaint with facts sufficient to state a claim. *See* Fed. R. Civ. P. 15. Either the suit should continue against a defendant responsible for the alleged and serious wrongdoing, or different facts tying the wrongdoing to this Defendant must be pleaded for the case to survive a motion to dismiss in the future.

Finally, as to Defendant's arguments under the *Rooker-Feldman* doctrine (Dkt. 12 at 9), the Court notes that the doctrine is narrow. *Rooker-Feldman* holds that lower federal courts should not sit in direct review of state court decisions except where

6

authorized by Congress. *See Swartz v. Heartland Equine Rescue*, 940 F.3d 387, 390 (7th Cir. 2019); *Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017). A judgment in Plaintiff's favor on a claim of sexual abuse or battery does not necessarily entail setting aside the state court's confinement decision, so it is exceedingly unlikely that *Rooker-Feldman* applies here. *Cf. VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 409 (6th Cir. 2020) (Sutton, J., concurring) ("Absent a claim seeking review of a final state court judgment, a federal court tempted to dismiss a case under *Rooker-Feldman* should do one thing: Stop. If the temptation lingers, the court should try something else: Reconsider.") Accordingly, the Court declines to reach the question of applicability of *Rooker-Feldman* (or *Heck v. Humphrey* for that matter) at this stage in the litigation.

## IV.   CONCLUSION

Defendants' motion to dismiss is granted. This dismissal is without prejudice. If Plaintiff wishes to file an amended complaint, she may do so on or before October 23, 2023. If Plaintiff declines to file an amended complaint, the dismissal of claims against Hussain will convert to a dismissal with prejudice, and the Court will enter a final judgment against Plaintiff.

SO ORDERED in No. 19-cv-07413.

Date: September 30, 2023

JOHN F. KNESS
United States District Judge